# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

Mavis Beck, as Power of Attorney for Allen Beck,

                 Plaintiff,

vs.

Sunrise Senior Living Management, Inc., d/b/a Sunrise of Minnetonka, MorSun Tenant, L.P. d/b/a Sunrise of Minnetonka,

                 Defendants.

Case No.: _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendants Sunrise Senior Living Management, Inc., and MorSun Tenant, L.P. remove to this Court the state-court action described in paragraph 1 below.

### THE REMOVED CASE

1. The removed case is a civil action served on Defendants on or about December 14, 2007, in the District Court of Hennepin County, State of Minnesota, and styled:

> *MAVIS BECK, AS POWER OF ATTORNEY FOR ALLEN BECK, Plaintiff, vs. SUNRISE SENIOR LIVING MANAGEMENT, INC. D/B/A SUNRISE OF MINNETONKA, MORSUN TENANT, L.P. D/B/A SUNRISE OF MINNETONKA, Defendants.*

### PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of the Summons and the Complaint representing all process, pleadings, and orders served upon Defendants in the removed case.

## THE REMOVAL IS TIMELY

3.  Defendants are informed and believe that the first date upon which Defendants were served with a copy of the Complaint in the removed case was December 14, 2007. This notice of removal is filed within 30 days of that service and, therefore, is timely under 28 U.S.C. § 1446(b).

## THE VENUE REQUIREMENT IS MET

4.  Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

## DIVERSITY OF CITIZENSHIP EXISTS

5.  This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6.  As admitted in the Complaint, the Plaintiff is a citizen of Minnesota at all material times to this action. *See* Complaint, ¶¶ 1-2, p. 1.

7.  Defendant Sunrise Senior Living Management, Inc. is not, and was not at the time the action was commenced, a citizen of Minnesota. *See* Compl. ¶ 8, p. 2. Sunrise Senior Living Management, Inc. is, and at the time the action was commenced was, incorporated in Virginia and has its principal place of business in Virginia.

8.  Defendant MorSun Tenant, L.P. is not, and was not at the time the action was commenced, a citizen of Minnesota. *See* Compl. ¶ 5, p. 1. MorSun Tenant, L.P. is, and at the time the action was commenced was, incorporated in Delaware and has its principal place of business in Virginia.

9. Because the Plaintiff is a citizen of Minnesota, and the Defendants are not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

10. The monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Plaintiff seeks compensatory damages arising out of the personal injuries alleged by Plaintiff Allen Beck arising out of care received at Sunrise of Minnetonka. The face of the Complaint makes clear that Plaintiff seeks damages in excess of $75,000, for Plaintiff alleges that Allen Beck's damages are in excess of $50,000 for multiple injuries plus an additional civil penalty in the amount of $10,000. Furthermore, Plaintiff has made a settlement demand in excess of $75,000.

12. Thus, the state court action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Minnesota; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

14. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of

claims and/or parties, (6) failure to state a claim, (7) failure to join an indispensable party(ies), or (8) any other procedural or substantive defense available under state or federal law.

## FILING OF REMOVAL PAPERS

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the District Court for the County of Hennepin, State of Minnesota. A true and correct copy of this Notice is attached hereto as Exhibit B.

**WHEREFORE**, Defendants hereby remove the above-captioned action from the District Court for the County of Hennepin, State of Minnesota, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

Dated: January 3, 2008

**BASSFORD REMELE**
*A Professional Association*

By _____
Stephen O. Plunkett (License #203932)
Melissa C. Gregory (License #0353498)
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota 55402-3707
Telephone: (612) 376-1635
Facsimile: (612) 376-1235
splunkett@bassford.com

*ATTORNEYS FOR DEFENDANTS*

653435.doc