PERSONAL INJURY

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT

---

Mavis Beck, as Power of Attorney for Allen Beck,

    Plaintiff,

v.

Sunrise Senior Living Management, Inc., d/b/a Sunrise of Minnetonka, MorSun Tenant, L.P. d/b/a Sunrise of Minnetonka,

    Defendants.

Court File No.:
Judge:

SUMMONS

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** and required to service upon Plaintiff's attorneys an Answer to the Complaint that is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

DATED: December 14, 2007

Mark R. Kosieradzki (ID # 57245)
Joel E. Smith (ID # 213184)
KOSIERADZKI SMITH LAW FIRM, LLC
3675 Plymouth Boulevard, Suite 105
Plymouth, MN 55446
(763) 746-7800
Attorneys for Plaintiff


EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | PERSONAL INJURY |
| | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Mavis Beck, as Power of Attorney for Allen Beck, | Court File No.: Judge: |
| Plaintiff, | |
| v. | COMPLAINT |
| Sunrise Senior Living Management, Inc., d/b/a Sunrise of Minnetonka, MorSun Tenant, L.P. d/b/a Sunrise of Minnetonka, | |
| Defendants. | |

Plaintiff Allen Beck, by and through his power of attorney, Mavis Beck, for his complaint against Defendants Sunrise Senior Living Management, Inc. d/b/a Sunrise of Minnetonka and MorSun Tenant, L.P. d/b/a Sunrise of Minnetonka, states and alleges as follows:

1. At all times material to this action, Allen Beck was a resident of Hennepin County, Minnesota.

2. Mavis Beck, a resident of Hennepin County, Minnesota, has been duly appointed power of attorney for her husband, Allen Beck, by an instrument executed by Allen Beck on August 5, 1998.

3. The injury and harm that is the subject of this lawsuit occurred at Sunrise of Minnetonka.

4. Sunrise of Minnetonka is an "Assisted Living Community" located at 18605 Old Excelsior Blvd. in Minnetonka, Minnesota (Hennepin County).

5. MorSun Tenant, L.P. is a Delaware limited partnership, with its principal place of business at 7902 Westpark Drive, McLean, Virginia.

6. MorSun Tenant, L.P. is registered with the State of Minnesota as a Housing with

Services Establishment pursuant to Minnesota Statutes, Chapter 144D, doing business as "Sunrise of Minnetonka."

7. At all times material to this action, the State of Minnesota granted a license pursuant to Minnesota Statutes § 144A.4605 to Sunrise Senior Living Management, Inc. to operate as a Class F Home Care Provider.

8. Defendant Sunrise Senior Living Management, Inc. is a Virginia Corporation, with its principal place of business at 7902 Westpark Drive, McLean, Virginia.

9. Sunrise Senior Living Management, Inc. is doing business as "Sunrise of Minnetonka."

10. Sunrise Senior Living Management, Inc. is a subsidiary of Sunrise Senior Living, Inc.

11. MorSun Tenant, L.P. is a subsidiary of Sunrise Senior Living, Inc.

12. MorSun Tenant, L.P. and Sunrise Senior Living Management, Inc. have a established a Principal-Agent relationship, in that:
    a. there is a manifestation by MorSun Tenant, L.P. that Sunrise Senior Living Managment, Inc. shall act for it;
    b. Sunrise Senior Living Management, Inc. has accepted this undertaking; and,
    c. there is an understanding by the parties that MorSun Tenant, L.P. is to be in control of the undertaking.

13. On July 6, 2006, Allen Beck, through his power of attorney, Mavis Beck, entered into a Residency Agreement with MorSun Tenant, L.P. and Sunrise Senior Living Management, Inc. for Allen to reside at Sunrise of Minnetonka for a limited period of time beginning on July 7, 2006.

14. This Residency Agreement stated that Allen Beck was to receive the "Assisted Living" and "Reminiscence Neighborhood" programs while staying at Sunrise of Minnetonka.

15. MorSun Tenant, L.P. and Sunrise Senior Living Management, Inc. represented to Allen Beck and Mavis Beck that Sunrise of Minnetonka would only accept or retain Allen Beck to be a resident if Defendants determined, in their sole discretion, that they were able to provide appropriate services for Allen Beck.

16. MorSun Tenant, L.P. and Sunrise Senior Living Management, Inc. regularly represent to their potential clients and the public at large that Sunrise of Minnetonka may only accept or retain an individual to be a resident if Defendants determine, in their sole discretion, it is able to provide appropriate services to that individual.

17. Defendants should not have admitted Allen Beck as a resident of their facility because they were unable to provide him with necessary and appropriate services.

2

18. MorSun Tenant, L.P. and Sunrise Senior Living Management, Inc. represented to Allen Beck and Mavis Beck that in the event that Mr. Beck should require emergency services or experience a significant change in condition, Defendants would attempt to contact Mr. Beck's responsible party, Mavis Beck, within twelve (12) hours.

19. MorSun Tenant, L.P. and Sunrise Senior Living Management, Inc. regularly represent to their potential clients and the public at large that in the event a Sunrise of Minnetonka resident requires emergency services or experiences a significant change in condition, Defendants will attempt to contact the resident's responsible party or designee within twelve (12) hours.

20. MorSun Tenant, L.P. and Sunrise Senior Living Managment, Inc. represented to Allen Beck that they would provide assistance with potential emergencies; that a staff member would be available at all times and would be able to request emergency medical services should they be needed.

21. MorSun Tenant. L.P. and Sunrise Senior Living Managment, Inc. regularly represent to their potential clients and the public at large that they will provide assistance with potential emergencies; that a staff member will be available at all times and would be able to request emergency medical services should they be needed.

22. Allen Beck authorized MorSun, L.P. and Sunrise Senior Living Management, Inc. to obtain emergency health cares on his behalf when such emergency services were deemed necessary.

23. At all times relevant to this action, Mr. Beck had severe progressive multiple sclerosis.

24. Mr. Beck's disability rendered him unable to move himself.

25. Mr. Beck's disability placed him under Defendants' exclusive control while he resided at Sunrise of Minnetonka from July 7, 2006 to July 20, 2006.

26. While under the exclusive control of Defendants at Sunrise of Minnetonka, Allen Beck sustained injuries to his person, including a laceration on his lower lip, a displaced tooth, a fractured ankle, numerous cuts/bruises/blisters/burns to his left arm, and a head injury.

27. Mr. Beck's injuries were of a kind that, in the ordinary course of events, would not have happened if Defendants had used reasonable care.

28. Defendants had exclusive control over the conditions that were the direct cause of Mr. Beck's injuries.

3

29. The conditions that caused Mr. Beck's injuries were not substantially due to the actions of Mr. Beck or any third person.

30. Defendants did not provide appropriate services to prevent Allen Beck from being seriously injured while he was under their exclusive control.

31. Defendants did not provide assistance with the potential emergency his injuries presented.

32. Defendants never sought emergency services or any other form of outside medical attention for Allen Beck's injuries while he was under their exclusive control.

33. Defendants did not inform Mavis Beck of the existence, nature, or extent of the injuries Allen Beck sustained while at Sunrise of Minnetonka.

## COUNT ONE - NEGLIGENCE

34. The allegations contained in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth here.

35. Defendants owed a duty of care to Allen Beck, which included, but was not limited to: taking all reasonable actions to prevent accidents or injuries to Mr. Beck; providing assistance with emergencies; requesting emergency medical services; and contacting Mavis Beck when he experienced a significant change in condition.

36. Defendants' negligent corporate management resulted in the dangerous delivery of health care to the residents of Sunrise of Minnetonka, including Allen Beck.

37. Defendants negligently controlled and participated in the day-to-day operations, planning, management, and quality control of Sunrise of Minnetonka. Defendants' corporate management put a priority on revenue at the expense of resident safety.

38. Defendants were negligent in their treatment of Allen Beck. The care and treatment by Defendants breached the applicable standards of care that Defendants owed to Mr. Beck.

39. As a result of Defendants' negligence, Allen Beck has suffered severe personal harm, including but not limited to: personal injury, pain and suffering, associated health care costs, and a decreased quality of life.

## COUNT TWO - CONSUMER FRAUD

40. The allegations contained in the preceding paragraphs are re-alleged and

4

…

incorporated by reference as if fully set forth here.

41. In connection with the sale of their services, Defendants represented to Allen Beck and Mavis Beck that Sunrise of Minnetonka:
   a. Would only accept or retain Allen Beck to be a resident if Defendants determined that they were able to provide appropriate services for Allen Beck;
   b. Would provide assistance with potential emergencies and could request emergency medical assistance;
   c. Would notify Mavis Beck within twelve (12) hours of an event where Allen Beck required emergency services or experienced a significant change in condition.

42. Defendants made the representations described above with the intent that they would be relied upon by Allen Beck.

43. However, during July 7, 2006 to July 20, 2007, Defendants did not provide appropriate services to prevent Allen Beck from being seriously injured while he was under their exclusive control, did not provide assistance with the potential emergency his injuries presented, did not request emergency medical assistance for his injuries, and did not inform Mavis Beck of the nature and extent of Allen Beck's injuries.

44. Allen Beck was harmed by Defendants' conduct described above.

45. Defendants' conduct described above constitutes multiple and separate acts of "fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice" in connection with [a] sale of goods and/or services" in violation of Minn.Stat. § 325F.69, subd. 1, and Minn.Stat. § 325F.68, subd. 2.

46. Pursuant to Minn.Stat. § 8.31, subd. 3a, Plaintiff may recover damages, together with attorneys' fees, costs, and disbursements for Defendants' violations of Minn.Stat. § 325F.69, and a public benefit will be conferred by Plaintiff's presentation of such a claim.

### COUNT THREE - DECEPTIVE ACTS PERPETRATED AGAINST SENIOR CITIZENS AND DISABLED PERSONS

47. The allegations contained in the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth here.

48. Defendants engaged in conduct prohibited by Minn.Stat. § 325F.69 (Count Two, above).

49. Defendants perpetrated such conduct against one or more senior citizens or

5

disabled persons as defined by Minn.Stat. § 325F.71, subds. 1(a) and 1(b).

50. Allen Beck is a Senior Citizen as defined by Minn.Stat. § 325F.71, subd. 1(a).

51. Allen Beck is a Disabled Person as defined by Minn.Stat. § 325F.71, subd. 1(b).

52. Minn.Stat. § 325F.71, subd. 2(a), provides:

> In addition to any liability for a civil penalty pursuant to Minnesota Statutes sections 325D.43 to 325D.48, regarding deceptive trade practices; 325F.67, regarding false advertising; and 325F68 to 325F.70, regarding consumer fraud; a person who engages in any conduct prohibited by those statutes, and whose conduct is perpetrated against one or more senior citizens or handicapped persons, is liable for an additional civil penalty not to exceed $10,000 for each violation, if one or more of the factors in paragraph (b) are present.

53. Pursuant to Minn.Stat. § 325F.71, subd. 2(b)(1), Defendants knew or should have known that Defendants' conduct was directed to one or more senior citizens or disabled persons. Defendants knew or should have know of Allen Beck's health care needs. In response, Defendants represented in connection with the sale of their services that Sunrise of Minnetonka was fully capable of assessing and providing for Allen Beck's individualized health care needs.

54. Pursuant to Minn.Stat. § 325F.71, subd. 2(b)(3), Allen Beck was more vulnerable to the
Defendants' conduct than other members of the public because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability. Further, Allen Beck actually suffered physical, emotional, or economic damage resulting from the defendant's conduct.

55. Pursuant to Minn.Stat. § 8.31, subd. 3a, Plaintiff may recover damages, together with attorneys' fees, costs, and disbursements for Defendants' violations of Minn.Stat. § 325F.71, and a public benefit will be conferred by Plaintiff's presentation of such a claim.

### PRAYER FOR RELIEF

56. **WHEREFORE**, Plaintiff prays this court issue and order and judgment:

   a. Awarding damages to Plaintiff Allen Beck, by and through his power of attorney, Mavis Beck, for his claims against Defendants Sunrise Senior Living Management, Inc.,d/b/a Sunrise of Minnetonka and MorSun Tenant, L.P.

d/b/a Sunrise of Minnetonka, jointly and severally, for a reasonable sum in excess of Fifty Thousand ($50,000) Dollars, together with interest, costs and disbursements herein;

b. Awarding reasonable attorneys' fees, together with costs and disbursements, pursuant to Minn. Stat. §§ 8.31, subd. 3a; 325F.68-71;

c. Awarding an additional civil penalty of Ten Thousand ($10,000) Dollars for each violation of Minn.Stat. § 325F.71 by Defendants;

d. Granting such other legal or equitable relief, including attorneys' fees, as the Court deems just and equitable.

DATED: December 14, 2007

Mark R. Kosieradzki (ID #57745)
Joel E. Smith (ID #213184)
**KOSIERADZKI SMITH LAW FIRM, LLC**
3675 Plymouth Blvd., Suite 105
Plymouth, MN 55446
(763) 746-7800
Attorneys for Plaintiff

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that the provisions of Minn. Stat. § 549.211 apply to this case.

DATED: December 14, 2007

Mark R. Kosieradzki (ID #57745)
Joel E. Smith (ID #213184)
**KOSIERADZKI SMITH LAW FIRM, LLC**
3675 Plymouth Blvd., Suite 105
Plymouth, MN 55446
(763) 746-7800
Attorneys for Plaintiff

7

## AFFIDAVIT OF MARK R. KOSIERADZKI
## PURSUANT TO MINN.STAT. § 145.682, subd. 2(1) and 3

STATE OF MINNESOTA  )
                                ) ss
COUNTY OF HENNEPIN  )

Mark R. Kosieradzki, being first duly sworn under oath, states and deposes as follows:

1. I am an attorney licensed to practice law in the State of Minnesota. I am one of the attorneys retained to represent Mavis Beck, as power of attorney for Allen Beck, for legal claims against Sunrise Senior Living Management, Inc., d/b/a Sunrise of Minnetonka, MorSun Tenant, L.P. d/b/a Sunrise of Minnetonka.

2. Pursuant to Minn.Stat. § 145.682, subd. 2(1) and 3, the facts of the case have been reviewed by myself with experts whose qualifications provide a reasonable expectation that their opinions could be admissible at trial and that, in the opinion of these experts, one or more defendants deviated from the applicable standard of care and by that action caused injury to Allen Beck.

FURTHER YOUR AFFIANT SAYETH NOT.

DATED: December 14, 2007

                                                  Mark R. Kosieradzki (ID #57745)
                                                  KOSIERADZKI SMITH LAW FIRM, LLC
                                                  3675 Plymouth Boulevard, Suite 105
                                                  Plymouth, MN  55446
                                                  (763) 746-7800
                                                  Attorneys for Plaintiff

SUBSCRIBED AND SWORN before me
on December 14, 2007.

_____
Notary Public

PENNIE ENGHUSEN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010