UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mavis Beck, as Power of Attorney
for Allen Beck,

    Plaintiff,

v.   MEMORANDUM OPINION
    AND ORDER
    Civil No. 08-28

Sunrise Senior Living Management, Inc.,
d/b/a Sunrise of Minnetonka, MorSun
Tenant, L.P. d/b/a Sunrise of Minnetonka,

    Defendants.
_____

    Mark R. Kosieradzki, Joel E. Smith and Lucas V. Cragg, Kosieradzki Smith Law Firm, LLC, for and on behalf of Plaintiff.

    Stephen O. Plunkett and Melissa C. Gregory, Bassford Remele, A Professional Association, for and on behalf of Defendants.
_____

    This matter is before the Court upon Defendants' motion to dismiss Counts Two and Three pursuant to Federal Rule of Civil Procedure 12 (b)(6).

<u>The Complaint</u>

    In July 2006, Allen Beck was admitted to Sunrise of Minnetonka ("Sunrise"), an assisted living community, for respite care. He suffers from advanced multiple sclerosis, and had no voluntary mobility from the neck down.

1

Plaintiff Mavis Beck alleges that Mr. Beck sustained injuries while staying at Sunrise.

In her Amended Complaint, Plaintiff asserts three causes of action: negligence, consumer fraud and deceptive acts perpetrated against senior citizens and disabled persons. In Count Two, Plaintiff alleges that Defendants represented to herself and Mr. Beck that Sunrise would accept or retain Mr. Beck as a resident if Defendants believed they could provide appropriate services for him, that they would provide assistance with potential emergencies and would notify Plaintiff within twelve hours of an event where Mr. Beck required emergency services. Amended Complaint ¶ 41. Plaintiff further alleges that during the time Mr. Beck was a resident at Sunrise, Defendants did not provide appropriate services to Mr. Beck to prevent him from suffering serious injury and did not provide assistance for a potential emergency or request emergency services. Id. ¶ 43. Plaintiff alleges that Defendants' conduct constitutes multiple acts of "fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice" in connection with the sale of a service in violation of the Minnesota Consumer Fraud Act ("MCFA"), Minn. Stat. § 325F.69, subd. 1, and Minn. Stat. § 325F.68, subd. 2.

In Count Three, Plaintiff alleges that as Mr. Beck is a senior citizen and disabled person, the conduct described in Count Two also violates Minn. Stat. § 325F.71. subd. 2 (a) and (b).  This statutory provision provides that deceptive trade practices perpetrated against a senior citizen or handicapped person imposes an additional civil penalty not to exceed $10,000.

Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Bell Atlantic Co. v. Twombly, ---U.S. ---, 127 S. Ct. 1955 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Twombly 127 S. Ct. at 1964-1965 (citations omitted).  "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to

3

relief that is plausible on its face." Id. at 1973.[1]

Analysis

There is no dispute that the MCFA does not provide a private right of action, thus any action asserting violations thereunder must be brought under the Private Attorney General Act, Minn. Stat. § 8.31. To properly assert a claim under the MCFA, the Plaintiff must establish that the lawsuit is brought for the public benefit, not just to seek individual recovery. Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn. 2000). The scope of claims brought under Minn. Stat. § 8.31 is necessarily limited because

> the legislature could not have intended to sweep every private dispute based on fraud, and falling within the [Consumer Fraud Act], into a statute where attorney fees and additional costs and expenses would be awarded, because to do so would substantially alter a fundamental principle of law deeply ingrained in our common law jurisprudence - that each party bears his own attorney fees in the absence of a statutory or contractual exception.

Id.

To determine whether a claim is brought for the public benefit, the Court should "examine not only the form of the alleged misrepresentation, but also the

---

[1] In response to the motion to dismiss, Plaintiff has submitted documents outside of the pleadings. As the Court must only consider the allegations in the Complaint when ruling on a motion to dismiss under Rule 12(b)(6), the Court will not take into account any evidence outside of the pleadings.

relief sought by the plaintiff." Zutz v. Case Corp., Civil No. 02-1776, 2003 WL 22848943, at *4 (D. Minn. Nov. 21, 2003) (Magnuson, J.).

Plaintiff argues that this action was brought for the public benefit, given the fact that Defendants use standard forms and contracts as part of its marketing and that the misrepresentations alleged in this case are contained in their standard forms.  Plaintiff further asserts that she is seeking equitable relief for misleading communications made to the public.

First, the Court notes that the alleged misrepresentations arose during a "one-to-one" transaction, not a misrepresentation to the public at large.  As alleged in the Amended Complaint, the alleged misrepresentations were made during the parties' negotiations to provide services to Mr. Beck.  Amended Complaint ¶¶ 13 -20.

Second, a review of the Amended Complaint demonstrates that the only mention of equitable relief is in the last paragraph in which Plaintiff requests "such other legal or equitable relief, including attorneys' fees, as the Court deems just and equitable."  Amended Complaint ¶ 56(d).  There is no specific request for any type of injunctive relief.  Rather, Plaintiff requests "damages, together with attorneys' fees, costs and disbursements for Defendant's violations of Minn.

Stat. § 325F.69" and "325F.71".  Amended Complaint ¶¶ 46 and 55.  Thus, contrary to Plaintiff's assertions, the essence of this action is to compensate Plaintiff for her husband's injuries, not to seek a public benefit.  As such, Plaintiff has failed to properly plead claims under the MCFA.  See <u>Overen v. Hasbro</u>, Civ. No. 07-1430 (RHK/JSM), 2007 WL 2695792, at *4-5 (D. Minn. Sept. 12, 2007) (Kyle, J.) (where essence of complaint was to compensate for daughter's personal injuries, defendant entitled to judgment on the pleadings as to claims asserted under the MCFA); <u>Pecarina v. Tokai Corp.</u>, Civil No. 01-1655, 2002 WL 1023153, at *5 (D. Minn. May 20, 2002) (Montgomery, J.) (dismissal pursuant to Rule 12(b)(6) warranted where plaintiff failed to demonstrate claims asserted under MCFA would serve a public benefit); <u>Behrens v. United Vaccines Div. of Harlan Sprague</u>, 228 F. Supp.2d 965 (D. Minn. 2002) (Erickson, M.J.) (finding that as pled, Plaintiffs had failed to demonstrate that their cause of action benefitted the public).  Accordingly,

   IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Counts Two and Three of the Amended Complaint [Doc. No. 11] is GRANTED.  Counts Two

and Three are dismissed with prejudice.

Date: August 8, 2008

                                                s / Michael J. Davis
                                                Michael J. Davis
                                                Chief Judge
                                                United States District Court

Civil No. 08-28